UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEVONNA WILKINS, on behalf of HERSELF and all others similarly situated,<br><br>vs.<br><br>JUST ENERGY GROUP INC., a Foreign corporation<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, by her undersigned attorneys, as and for her Complaint, allege as follows:

### NATURE OF ACTION AND PARTIES

1. This civil action is brought by the above-named individual plaintiff who seeks redress for the Defendant's violations of her rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. as well as Illinois state wage payment laws. This action is brought as a nationwide collective action pursuant to 29 U.S.C. §216(b) alleging violations of the Fair Labor Standards Act, and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2. Plaintiff Levonna Wilkins was employed by Defendant to do promotional work for its products. Defendant implemented a common scheme whereby Plaintiff was not paid for all hours worked, and was not paid overtime for hours worked in excess of forty hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Wage and Hour Laws.

3. Defendant accomplished this by wrongly classifying Plaintiff and others as independent contractors when in fact they were employees. In so doing, Defendant did not pay

Plaintiff and other similarly situated persons the applicable minimum wages and, although they were routinely required to work more than 40 hours per week, Plaintiff and other similarly situated persons were not paid overtime.

4. The similarly situated individuals whom the Plaintiff seeks to represent are comprised of those persons working for Just Energy going door to door to do promotional work for Just Energy. Defendant knowingly and willfully failed to pay their wages in accordance with applicable federal and state laws, including but not limited to minimum wage, and overtime wages. The Plaintiff seeks redress on behalf of herself and all others similarly situated. Plaintiff brings this action as a nationwide collective action pursuant to 29 U.S.C. §216(b) for violations of the FLSA and as a state law class action under Fed. R. Civ. P. 23(b)(3) for violations of Illinois State Wage Law.

5. Upon information and belief, at all times hereinafter mentioned, Defendant Just Energy was and still is a foreign corporation headquartered in Ontario, Canada. Just Energy markets gas and electricity to residential and commercial customers in New York, Illinois and certain Canadian provinces.

**JURISDICTION AND VENUE**

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy. The Court has personal jurisdiction over Defendant pursuant to Federal Rule 4 (k)(1), in that Defendant has sufficient contact with the state of Illinois as it conducted business within the state. *See* 735 ILCS 5/2-209.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

8. This lawsuit arises out of Defendant's practice of misclassifying Plaintiff and other similarly situated employees as independent contractors. Plaintiff and the Class are employees: the Defendant tells them when to report to work, where they will be working and for how long they will work on any given day. Defendant also directs the work of the Plaintiff and others by giving them very precise and specific instructions on how Plaintiff and the Class must represent the Company and its products and services. The Company also requires that Plaintiff and others wear uniforms identifying them as representatives of Just Energy. Defendant is liable to Plaintiff and the Class for knowingly and willfully refusing to pay them minimum wages for all hours worked, and for denying them overtime pay for all hours worked in excess of forty hours each workweek.

9. At all times relevant, the Plaintiff and the Class were non-exempt employees of Defendant Just Energy, as defined by the FLSA and Illinois State Wage-Hour laws.

10. At all times relevant, Just Energy was an employer, as defined by the FLSA and the Illinois Wage Payment and Collection Act in that, among other things, Just Energy controlled, directed and/or participated in the creation and maintenance of its classification policies as well as its Wage-Hour policies and practices; was involved in decisions pertaining to employees' compensation; and had a material role in the compensation practices, decisions, policies and actions, including but not limited to those complained of herein.

11. Defendant Just Energy is a publicly traded company (Symbol JE) with more than 2 million customers in the U.S. and Canada. Just Energy is engaged in interstate commerce as that term is used in the FLSA.

12. At all times relevant, Plaintiff and the Class, in their capacity as employees of Defendant Just Energy, were engaged in interstate commerce.

13. During the course of employment with Defendant Just Energy, employees working to promote the Company, such as the Plaintiff, were not exempt from minimum wage and/or overtime wages. However, the Plaintiff was paid commissions only after another Just Energy employee made the sale after Plaintiff's initial promotional work, did not receive minimum wages for all hours worked, and did not receive overtime compensation as required by the FLSA and the Illinois Wage Payment and Collection Act.

14. During the course of Plaintiff's employment with Defendant Just Energy, she and the Class routinely worked in excess of 40 hours per week.

15. Despite the fact that the Plaintiff and the Class were not exempt, Defendant did not track the Plaintiff's or the Class' work hours and did not pay Plaintiff and the Class the proper wages they were owed, including payment of minimum wage and payment of overtime wages for work in excess of 40 hours per week.

16. Defendant never informed Plaintiff and those similarly situated that they were required to pay for their uniforms, including a hat, windbreaker, shirt, fleece and winter coat, all bearing the Company's identifying logo.

17. Plaintiff and the Class are entitled to actual and liquidated damages for Defendant's actions.

## COLLECTIVE ACTION ALLEGATIONS
## OF THE FLSA CLASS

18. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

19. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of herself and all other persons doing promotional work for Just Energy and being classified as independent contractors at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

20. All putative members of the class are similarly situated because, inter alia, they have all had similar duties; performed similar tasks; been paid on a commissions basis; been entitled under the FLSA to be paid for all hours worked and paid overtime for all work in excess of 40 hours per week; and had such rights undermined and negated by Defendants' unlawful practices and policies of classifying them as independent contractors.

21. Defendant has encouraged, permitted, and required Plaintiff and other members of the FLSA Class to work without pay and without overtime compensation.

22. Defendant has known that Plaintiff and other members of the FLSA Class have performed unpaid work and been deprived of overtime compensation. Nonetheless, Defendant has operated under a scheme to deny Plaintiff and other members of the FLSA Class all compensation for work in excess of 40 hours in a week.

23. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGES AND OVERTIME WAGES UNDER THE FLSA**

24. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

25. Under the FLSA, the Plaintiff and those similarly situated (hereinafter referred to as "The FLSA Class") were entitled to be paid minimum wages. The FLSA Class was also

entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each workweek. Plaintiff for example, worked 7 days a week and as much as 12 hours each day.

26. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

27. Defendant failed to compensate The FLSA Class per the FLSA minimum wage requirements for the hours that they worked for Defendant.

28. Defendant also failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

29 Defendant's violation of the FLSA for failure to pay The FLSA Class minimum and overtime wages was willful and deliberate.

30. Upon information and belief, Defendant's practices as described above were not approved in writing by the United States Department of Labor.

31. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

32. Due to Defendant's knowing and willful violation of the FLSA, The FLSA Class is entitled to recover from Defendant their liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## STATE-WIDE CLASS ALLEGATIONS PURSUANT TO ILLINOIS WAGE AND HOUR AND <u>WAGE PAYMENT LAWS</u>

33. Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of herself individually and on behalf of all other members of the Class who, during the relevant statute of limitations period, have worked for Defendant and who have been aggrieved, with respect to the claims plead in this Complaint.

34. Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if:

a) The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b) There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

c) The claims or defenses of the representative parties are typical of the claims or defenses to the class;

d) The representative parties will fairly and adequately protect the interests of the class; and,

e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definitions

35. Plaintiff seeks certification of the following class: All persons doing promotional work for Just Energy in the state of Illinois who were classified as Independent contractors.

## Numerosity

36. Plaintiff satisfies the numerosity requirements as the proposed classes consist of potentially hundreds of class members. The proposed classes include all persons employed by Defendant in Illinois who did promotional work for the Company and who were not paid minimum wages and overtime wages. Since Defendant has numerous employees that were injured by Defendant's actions the class will likely include more than 75 members. The proposed class can be identified and located using Defendant's payroll and personnel records. Therefore, the class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this action by direct mail based upon and/or published and broadcast notice.

**Common Questions of Fact or Law**

37. There are questions of fact and law common to each class that predominate over any questions affecting only individual members. The common questions of law and fact arising from Defendants' actions include, without limitation, the following:

    a) Whether the class members have been misclassified as independent contractors;

    b) Whether class members share similar job duties;

    c) Whether Defendants paid class members for all hours worked;

    d) Whether Defendants paid Class members overtime;

    e) Whether Plaintiff and the Class regularly worked in excess of 40 hours per week;

    f) Whether Defendants' practices violated the overtime and minimum wage provisions of the Illinois Wage and Hour Laws; and

    g) Whether Defendants' failure to pay minimum wages and overtime has been willful.

38. The questions set forth above predominate over any questions affecting only individual persons and a class action is superior with respect to consideration of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

**Typicality**

39. Plaintiff's claims are typical of the claims of the members of Class. Plaintiff suffered similar injuries as those suffered by other members of the Class she seeks to represent as a result of Defendant's illegal activities as described herein.

**Adequacy**

40. Plaintiff is an adequate representative of the class she seeks to represent because she is a member of the class, and her interests do not conflict with the interests of the members of

8

the class she seeks to represent. The interests of the class members will be fairly and adequately protected by the Plaintiff and her designated counsel. Plaintiff has hired competent attorneys who are experienced in class-action litigation of this type and who are committed to prosecuting this action.

### Superiority

41. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class-action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expense and burden of individual litigation would make it difficult to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair, or impede the ability of class members to protect their interests.

### COUNT II
### VIOLATION OF THE ILLINOIS WAGE HOUR LAWS
### FAILURE TO PAY MINIMUM WAGES

42. Plaintiff repeats and re-alleges the allegations set forth in each of the paragraphs above.

43. The members of the Class were entitled to minimum wages for the work they performed for Defendant Just Energy.

44. Defendant failed to pay the members of the Class such owed minimum wages, in violation of Illinois' Minimum Wage Law, 820 ILCS 105/1 et seq.

9

45. Illinois' Wage Payment and Collection Act § 820 ILCS 115/2, defines an employer as "any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed." As such, Defendant Just Energy meets the definition of an employer pursuant to Illinois' Wage Payment and Collection Act.

46. By the above-alleged conduct, Defendant failed to pay the members of the Class compensation, including minimum wages, as required by the Illinois law.

47. The members of Class were not exempt from the payment of these wages pursuant to Illinois wage hour laws.

48. Defendant acted willfully in violating Illinois Law and the members of the Class were damaged by Defendant's wrongful conduct as alleged herein.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE HOUR LAWS
## FAILURE TO PAY OVERTIME WAGES

49. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

50. The Illinois Wage Payment and Collection Act provides that unless exempt, an employee must be paid by an employer overtime wages equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week. Plaintiff and the Class were not exempt.

51. Illinois' Wage Payment and Collection Act § 820 ILCS 115/2 defines an employer as "any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an

employee, for which one or more persons is gainfully employed." As such, Defendant Just Energy meets the definition of an employer pursuant to Illinois' Wage Payment and Collection Act.

52. By the above-alleged conduct, Defendant failed to pay the members of Class compensation, including overtime compensation, as required by the Illinois law.

53. The members of Class were not exempt from the payment of these wages pursuant to Illinois wage hour laws.

54. Defendant acted willfully in violating Illinois Law and the members of Class were damaged by Defendants' wrongful conduct as alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

1. Award all actual damages suffered by Plaintiff and the Class;

2. Order the disgorgement of all monies improperly obtained by Defendants;

3. Enter an order declaring that Defendant willfully violated the minimum wage and overtime provisions of the FLSA;

4. Award Plaintiff and the Class damages in the amount of minimum wages and overtime wages required by the FLSA improperly denied them by Defendants' actions;

5. Award Plaintiff and the Class damages in the amount of minimum wages, overtime wages, and unpaid commissions required by the Illinois Wage Payment and Collection Act improperly denied them by Defendant's actions;

6. Award Plaintiff and the Class liquidated damages equal to their unpaid minimum wages and overtime compensation under the FLSA;

7. Award Plaintiff and the Class liquidated damages under Illinois Wage Payment and Collection Act;

8. Award Plaintiff and the Class punitive damages, prejudgment interest, and post-judgment interest;

11. Award Plaintiff reasonable attorneys' fees as well as the costs of this action;

12. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## **DEMAND FOR A TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues for which a jury trial may be had.

Respectfully submitted,

**LEVONNA WILKINS**

By: ____/s/ Terrence Buehler_____
    One of their Attorneys
    Terrence Buehler
    Touhy, Touhy & Buehler, LLP
    55 West Wacker Drive
    Suite 1400
    Chicago, Illinois 60601
    Telephone: (312) 372-2209