**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LEVONNA WILKINS, on behalf of herself and others similarly situated, <br>     Plaintiff, <br><br> v. <br><br> JUST ENERGY GROUP, INC., JUST ENERGY ILLINOIS CORP., COMMERCE ENERGY, INC., and JUST ENERGY MARKETING CORP.,[1] <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 13 C 5806 <br><br> Judge Joan B. Gottschall |

## MEMORANDUM OPINION AND ORDER

Following convoluted proceedings regarding class certification, the parties submitted additional memoranda regarding the scope of the class definition—specifically, whether it should be expanded to include additional defendants. Although plaintiff Levonna Wilkins has not filed a renewed motion for class certification, she contends that the class should include all of the named defendants, rather than Just Energy Illinois (the sole defendant within the class definition approved by the court). For the following reasons, the class definition will remain limited to Just Energy Illinois.

### I. BACKGROUND

The class definition currently includes only Just Energy Illinois, but there are three additional defendants in this case: Commerce Energy, Just Energy Group, and Just Energy Marketing. It is hard to characterize Wilkins' latest effort to expand the class definition to include all of the named defendants. But regardless of what the court calls it (possibly a renewed

---

[1] The clerk is directed to add Just Energy Marketing Corp. to the docket as a defendant as the plaintiffs recently clarified, at the court's request, that the omission of this party was due to an administrative error.

motion for class certification or a motion to reconsider prior rulings regarding the scope of the class), the parties' briefs addressing which Just Energy defendants should be included in the class definition are before the court. The court begins its latest attempt to determine which defendants should be included in the class definition by providing a summary of the prior proceedings relating to the class definition, which consists of a recap of the parties' filings and the court's rulings.

**A.  The Ruling on the Defendants' Motion for Summary Judgment and Wilkins' Motion for Class Certification**

The defendants' motion for summary judgment and Wilkins' motion for class certification were briefed together. As the court noted in its opinion addressing these motions, the record appeared to indicate that defendant Just Energy Group hires individuals to go door-to-door on behalf of affiliated entities in Illinois, including Just Energy Illinois and Commerce Energy, and that the Just Energy entities generally followed the same policies and practices. The court questioned the presence of Just Energy Marketing as a defendant in this case, given the lack of substantive allegations about this defendant in the second amended complaint. (Mar. 22, 2016 Order, Dkt. 117, 1 n.1.) Nevertheless, it treated the Just Energy entities as a group as the parties' briefs did not sufficiently delineate the different Just Energy entities. Thus, it included all of the defendants in the class definition.

**B.  The Defendants' Motion to Reconsider the Portion of the Class Certification Opinion That Included All of the Defendants In the Class Definition**

In response to the court's class certification order, the defendants filed a motion to reconsider contending that Wilkins was exclusively associated with Just Energy Illinois so the class should include only Just Energy Illinois door-to-door workers. In response, Wilkins argued

that certification of a class against Just Energy Illinois and Commerce Energy (not all of the defendants) was appropriate because "the facts demonstrate that <u>all</u> Defendants were operating under a single policy to deny minimum wage and overtime, and each office was run identically and subject to the same policies, practices, etc." (Pl. Opp. to Mot. to Reconsider, Dkt. 98, at 2, emphasis in original.)

Later in that same brief, Wilkins inconsistently argued that a class should be certified against all four defendants, while simultaneously mixing in references to certification as to Just Energy Illinois and Commerce Energy:

> Here, the facts demonstrate the appropriateness of certifying a class against all of the Defendants. Defendant [Just Energy Marketing] engages and trains the class member door-to-door workers, which it provides to both Defendant Just Energy Illinois Corp. and Defendant Commerce Energy . . . . The policies of the Defendants [presumably all four] are uniform, and both Defendants [presumably Just Energy Illinois and Commerce Energy] engage in the prohibited conduct alleged here: In Plaintiff's Motion for Class Certification, Plaintiff set forth, with citations to the record, 22 critical facts that applied with uniformity to the class. Dkt. 42, PageID #385-386 [referring to "Just Energy"]. Such facts included the class members' uniform treatment by Defendants as independent contractors; the failure by Defendants to pay minimum wage or overtime, but rather only commission (which was tied to applications that Just Energy had sole discretion to approve); Defendants' requirement that the class members to go through orientation and training; and Defendants' subjection of the class members, at the risk of termination or discipline for non-compliance, to a code of ethics and compliance matrices, etc. It is telling that Defendants do not attempt to argue in the Motion for Reconsideration that these policies were applicable at the Commerce Energy offices, but not the Just Energy Illinois office, or vice versa. It is undisputed that no matter the office in Illinois [presumably, Commerce Energy and Just Energy Illinois], Defendants treat the workers the same. No one was guaranteed minimum wage or overtime. Everyone was paid commission only. Everyone was subject to the same orientation manuals, rules, regulations, etc. For these reasons, it is proper, (and the most judicially efficient course of action) for the case to continue against all named Defendants. Alternatively, should the Court desire a named plaintiff for both Defendant Commerce Energy and

>   Defendant Just Energy Illinois Corp., Plaintiff is filing a separate motion for leave
>   to add class member Robin Lewis as a named representative.

(*Id*. at 6-7.)[2]

Wilkins' presentation thus included passing references to the four defendants collectively, but focused on Just Energy Illinois and Commerce Energy. The court granted the defendants' motion to reconsider in large part, finding that Wilkins had standing to represent a class of Just Energy Illinois door-to-door workers and that the juridical link doctrine did not give her standing to proceed against Commerce Energy. The court ordered the parties to meet and confer about the phrasing of the class definition. It anticipated that the parties would reach agreement regarding language about Just Energy Illinois and that Just Energy Group and Just Energy Marketing would not be part of the class definition given Wilkins' focus on Just Energy Illinois and Commerce Energy when briefing the defendants' motion to reconsider the scope of the class definition.

In a "position statement" that she spontaneously filed before a status hearing following the issuance of the court's ruling on the motion to reconsider, however, Wilkins shifted gears and asserted that Just Energy Marketing was her employer because it "hires and trains workers on behalf of *both* Just Energy and Commerce Energy offices." (Pl.'s Position Statement, Dkt. 119, at 2, emphasis in original.) She reasoned that this gave her standing to represent Just Energy Illinois as well as Commerce Energy workers (although inconsistently, she later contended that she also wanted to proceed against Just Energy Marketing). In addition, Wilkins

---

[2] Wilkins subsequently advised the court that she "has decided to no longer pursue Ms. Lewis as a potential representative against Defendant Commerce Energy. Plaintiffs' counsel has informed defense counsel of their position." (Pl.'s Position Statement, Dkt. 119, at 1-2.) Thus, further proceedings regarding Lewis are unnecessary.

-4-

asserted that she was employed by Just Energy Group because it is the parent of the other Just Energy defendants and "the employer of all workers involved here – regardless of office" so she "has standing to represent a class of all such workers [whoever they might be, it would have been helpful to specify a Just Energy entity]." (*Id*. at 3.) Wilkins concluded by contending that a class should be certified as to Just Energy Illinois, Just Energy Group, and Just Energy Marketing (but not Commerce Energy). (*Id*.) The court ordered the parties to file additional briefs addressing these contentions, which are currently before the court.

## II. DISCUSSION

The current class definition covers a single defendant—Just Energy Illinois. In her post-status hearing memorandum in support of her proposed class definition (Dkt. 121), Wilkins asks the court to expand the class to include Just Energy Group and Just Energy Marketing because they jointly employed her. She then contends that, "[i]n the Just Energy operations in Illinois, [Just Energy Group] and [Just Energy Marketing] control hiring, firing, the conditions of employment, and discipline" and thus "are joint employers of all of the putative class members, regardless of which Illinois entity the employee's office is affiliated with." (*Id*. at 3.) Based on this, and despite her request to include Just Energy Illinois, Just Energy Group, and Just Energy Marketing in the class definition, Wilkins concludes that she is "an adequate named class representative for both Just Energy and Commerce Energy employees in Illinois." (*Id*.)[3]

---

[3] The court studied Wilkins' brief for clarification regarding the identity of "Just Energy" employees she seeks to include in the class definition. It will rely on the pointheadings and conclusion in Wilkins' memorandum, which both refer to Just Energy Group and Just Energy Marketing. Wilkins' continued reference to "Just Energy" defendants is unacceptable in light of the many prior orders criticizing this practice as imprecise and confusing. Wilkins is cautioned that her practice of collectively referring to defendants must cease.

### A. Commerce Energy

Due to Wilkins' numerous references to Commerce Energy in her memorandum, the defendants understandably have proceeded based on the assumption that Wilkins is again trying to expand the class definition to include Commerce Energy. As summarized above, Wilkins' briefs are not a model of clarity regarding the Just Energy entities she seeks to include in the class definition. One thing, however, is clear: the parties briefed the issue of whether Commerce Energy should be included in connection with the defendants' motion to reconsider the class certification order.

To the extent that Wilkins is trying to include Commerce Energy based on a new theory, she cannot do so because she has already had an opportunity to litigate whether Commerce Energy should be included in the class definition. *See Wilkins v. Just Energy Grp., Inc.*, No. 13 C 5806, 2016 WL 1106855, at *1 (N.D. Ill. Mar. 22, 2016) ("A motion to reconsider an interlocutory order serves a limited purpose in federal litigation; it is not a vehicle to rehash an argument the court has already rejected or to present legal arguments that were not presented earlier."). Wilkins herself acknowledges this point in connection with an unrelated argument, contending that the "[d]efendants do not get a do-over because they don't like the Court's ruling." (Pl. Opp. to Mot. to Reconsider, Dkt. 98, at 1.) This applies equally to Wilkins. *See Marmi E. Graniti D'Italia Sicilmarmi S.p.A. v. Universal Granite & Marble*, 757 F. Supp. 2d 773, 781 (N.D. Ill. 2010) ("If a motion to reconsider could be used as a vehicle to raise new arguments, introduce evidence that could and should have been adduced earlier, or reargue that which was previously considered, litigation would be prolonged interminably."). The class definition continues to exclude Commerce Energy.

**B.     Just Energy Group and Just Energy Marketing**

Wilkins argues that Just Energy Group and Just Energy Marketing jointly employed her and thus should be included in the class definition.[4]

**1.     Joint Employer—Legal Standard**

"[A]s a result of the common purpose and the similar language of the [Illinois Minimum Wage Law, or IMWL] and the [Fair Labor Standards Act, or FLSA], the same analysis has generally been applied to the two statutes." *Hebron v. Directv, LLC*, No. 14-CV-8155, 2015 WL 6164954, at *6 (N.D. Ill. Oct. 13, 2015) (quoting *Driver v. AppleIllinois, LLC*, 917 F.Supp.2d 793, 798 (N. D. Ill. 2013)). Under the FLSA, when determining if an entity is a joint employer, courts consider whether the alleged employer: "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of payments, (3) determined the rate and method of payment, and (4) maintained employment records." *Anaya v. Directv, LLC*, No. 14-CV-5703, 2016 WL 1383195, at *3 (N.D. Ill. Apr. 7, 2016) (quoting *Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008)).

Under the IMWL, "[t]he test for the existence of joint employers is whether two or more employers exert significant control over the same employees—where from the evidence it can be shown that they share or co-determine those matters governing essential terms and conditions of employment." *Vill. of Winfield v. Illinois State Labor Relations Bd.*, 678 N.E.2d 1041, 1044 (Ill. 1997) (internal quotations omitted). The elements relevant to control for the purposes of the IMWL largely mirror the federal standard: "the putative joint employer's role in hiring and

---

[4] Oddly, Wilkins does not claim, as she has in the past, that she worked for Just Energy Illinois. The court assumes that this is because Just Energy Illinois is the only defendant who clearly falls within the class definition and thus is off the table for present purposes.

firing; promotions and demotions; setting wages, work hours, and other terms and conditions of employment; discipline; and actual day-to-day supervision and direction of employees on the job." *Id.* (internal quotations omitted).

### 2. Scope of the Class Definition

In support of her joint employer theory, Wilkins cites to various alleged facts that are largely based on evidence adduced in the Ohio case of *Hurt v. Commerce Energy, Inc.*, No. 1:12-CV- 00758, 2015 WL 1298674 (N.D. Ohio Mar. 23, 2015), a virtually identical case against different Just Energy defendants based on the FLSA. In response, the defendants argue that Wilkins did not allege a joint employer theory as to Just Energy Marketing and Just Energy Group in her second amended complaint in this case (Dkt. 39) and thus should not be allowed to expand her allegations at this point in the proceedings.

The second amended complaint refers to Just Energy Marketing once in the "parties" section—according to Wilkins, "Just Energy Marketing Corp. is a subsidiary of Just Energy doing business in Illinois." (*Id.* ¶ 8). With respect to Just Energy Group, Wilkins does not mention this entity whatsoever in the body of the complaint. The second amended complaint later refers to all of the defendants collectively and alleges generally that they are her joint employers. But in support, Wilkins alleges boilerplate that is not tied in an ascertainable way to either Just Energy Marketing or Just Energy Group, such as her contention that "Defendants are responsible or making all labor relations policy decisions for Plaintiff and the putative class members." (*Id.* ¶ 58.)

The court has already ruled on a motion for summary judgment in this 2013 case. The defendants correctly note that the Seventh Circuit has held that it is improper to introduce new

factual allegations into a case that would, in essence, act as an amendment of the operative complaint. *See Whitaker v. Milwaukee Cty., Wisconsin*, 772 F.3d 802, 807-08 (7th Cir. 2014) (holding that a plaintiff may not "alter[] radically the factual basis of his complaint at summary judgment"). Nevertheless, the defendants do not contend that Wilkins' conflation of defendants prevented them from pursuing discovery to flesh out the contours of her claims or that they are unaware of the basis of her claims against Just Energy Group and Just Energy Marketing.

The court will not evaluate the scope of the complaint as it finds that Wilkins' efforts to expand the scope of the class definition to include Just Energy Group and Just Energy Marketing are untimely. At the class certification stage, Wilkins did not differentiate among the various Just Energy defendants. When briefing the defendants' motion to reconsider challenging the inclusion of all of the Just Energy defendants in the class definition, Wilkins chose to defend the inclusion of Commerce Energy in that definition. She also filed a fallback motion arguing that even if the court found that she lacked standing to represent a class of Commerce Energy workers, it should allow her to amend her complaint to add Robin Lewis (a Commerce Energy worker) as an additional plaintiff. The court held that Wilkins could proceed on behalf of a class of Just Energy Illinois workers, rejected her arguments about Commerce Energy, and concluded that the record did not support the addition of Lewis as an additional plaintiff. (Mar. 22, 2016 Order, Dkt. 117.)

"As a general proposition a party must marshal all of its available arguments at the time it asks the Court to resolve an issue." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2015 WL 5123652, at *3 (N.D. Ill. Sept. 1, 2015). The court has previously voiced concerns about the lack of any explanation as to why Just Energy Group and Just Energy

Marketing are in this case. Indeed, the court recently ordered Wilkins to confirm that she meant to seek relief from Just Energy Marketing in this case given her pleadings to date. It also excluded Just Energy Group from the class definition given Wilkins' focus on Commerce Energy and Just Energy Illinois. (*Id*.) Setting aside the scant or non-existent allegations as to Just Energy Group and Just Energy Marketing in the second amended complaint, Wilkins has already had multiple chances—briefing on the defendants' motion for summary judgment, her motion for class certification, and the defendants' motion to reconsider the certification order—to present specific arguments in support of her contention that the class should include individuals who worked for Just Energy Group and Just Energy Marketing because these entities employed her. She provides no reason why a further opportunity to rebrief this issue is warranted.

In any event, her arguments about Just Energy Group and Just Energy Marketing are unconvincing. The court will beginning with Just Energy Group. The defendants represent, without contradiction, that Just Energy Group is the parent of Just Energy (U.S.) Corp., which is the parent of certain Just Energy entities, including Just Energy Marketing. In support of her claim that Just Energy Group is her joint employer, Wilkins points to testimony from the *Hurd* case indicating that Just Energy interviews workers for positions with all of the Just Energy entities and that Just Energy has its own code of conduct that all employees are required to follow.

With respect to hiring, Wilkins has failed to point to evidence supporting an inference that Just Energy Group controlled *her* specific hiring or working conditions. Instead, at the summary judgment stage, Wilkins' only contentions about a specific Just Energy entity focused

on Just Energy Illinois, causing the court to note that it could not determine which Just Energy entity had hired her, but it was clear that it was not Commerce Energy.

With respect to Just Energy's code of conduct, a parent's "actions done in the context of quality control and brand uniformity" are insufficient to create an employer-employee relationship or make the parent a joint employer under the FLSA. *Brunner v. Liautaud*, No. 14-C-5509, 2015 WL 1598106, at *4 (N.D. Ill. Apr. 8, 2015). This is because this evidence does not show that the parent exerts, "share[s,] or co-determine[s] those matters governing essential terms and conditions of employment." *Vill. of Winfield*, 678 N.E.2d at 1044.

Turning to Just Energy Marketing, Wilkins argues that it is a joint employer with Just Energy Illinois because it hired workers for Just Energy Illinois. The parties disagree as to the meaning of a stipulation that was entered in the *Hurd* case regarding Just Energy Marketing's status as an employer for the purposes of the FLSA. Wilkins, however, does not challenge the defendants' assertion that the stipulation was limited to the trial in the *Hurd* case. Thus, the stipulation does not help Wilkins here.

The court next considers Wilkins' contention that Just Energy Marketing hired workers for Just Energy Illinois. It is true that the ability to hire is one of the factors that is relevant to whether an entity is an employer. *See*, *e.g.*, *Moldenhauer*, 536 F.3d at 644; *Anaya*, 2016 WL 1383195, at *3. Nevertheless, the court need not delve into the evidence that Wilkins contends shows that Just Energy Marketing Group is Wilkins' co-employer because Wilkins' goal in obtaining a finding in her favor as to that point is impermissible. Wilkins herself acknowledges that she wants to establish that Just Energy Marketing is her co-employer to obtain standing to represent Commerce Energy workers who, she claims, were also co-employed by Just Energy

-11-

Marketing. (Pls.' Memo. in Support of Class Definition, Dkt. 121, at 6.) In other words, she concedes that she is trying to obtain standing to represent Commerce Energy workers based on their alleged status as co-employees of both Commerce Energy and Just Energy Marketing. Her theory is that if Just Energy Marketing is a co-employer of both Just Energy Illinois and Commerce Energy workers, then her status as a Just Energy Illinois worker means that she has standing to represent Commerce Energy workers for purposes of a class action.

Wilkins does not provide any authority that supports her logic. But this is of no moment, because for the reasons discussed above, her latest effort to obtain standing as to Commerce Energy workers via its alleged connection to Just Energy Marketing is too little, too late. Wilkins had ample opportunity to litigate the question of standing as to Commerce Energy and took advantage of this opportunity. Having lost, she cannot continue to file briefs raising new theories of relief as to Commerce Energy. *See Schaaf v. Midwest Transfer & Logistics, LLC*, No. 07-C-6555, 2010 WL 2722819, at *3 (N.D. Ill. July 8, 2010) ("Parties who receive an adverse ruling are not entitled to a mulligan, as the rules do not contemplate multiple rounds of motions relitigating the same subject on different grounds.")

For all of these reasons, the court declines to enlarge the certified class to include any Just Energy entity other than Just Energy Illinois, as the court has already certified.

### III. CONCLUSION

The class definition will remain limited to Just Energy Illinois. The clerk is directed to add Just Energy Marketing Corp. to the docket as a defendant to correct an administrative error.

This case is set for status on July 8, 2016, at 9:30 a.m.

Date: June 16, 2016                                     /s/
                                                Joan B. Gottschall
/cc                                             United States District Judge