IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEVONNA WILKINS, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 13 C 5806 |
| JUST ENERGY GROUP, INC., et al., | ) ) ) |
| Defendants. | ) |

### ORDER ON PLAINTIFF'S MOTION IN LIMINE
### TO EXCLUDE DR. STEENBURGH'S TESTIMONY

Plaintiff has moved to exclude the testimony of defendants' expert Thomas Steenburgh, Ph.D. By way of background, the plaintiff class in this case asserts claims for unpaid wages under the Illinois Minimum Wage Law. (The case is in federal court by virtue of the Class Action Fairness Act, 28 U.S.C. § 1332(d).) The class members were paid by way of commission only, and they contend that defendants misclassified them as exempt from the IMWL. Defendants rely on the IMWL's "outside salesperson" exemption, which covers those "regularly engaged in making sales or obtaining orders or contracts for services where a major portion of such duties are performed away from [the] employer's place of business." 820 ILCS 105/3(g). Judge Joan Gottschall, to whom the case was previously assigned, ruled that defendants bear the burden of establishing that the plaintiffs fall within this exemption.

Plaintiff has moved to exclude the testimony of Dr. Steenburgh, who has rendered an opinion regarding "general practices on sales and the general indicia of

sales in the direct sales industry and whether Just Energy door to door workers' responsibilities are consistent with those sales activities." Steenburgh Report at 3. His ultimate conclusion is that "the door-to-door workers at Just Energy were salespeople who were engaged in sales activities." *Id.* at 4.

The key issue for the jury to decide in determining the applicability of the IMWL exception is whether the plaintiff class members were, in the words of the statute, "regularly engaged in making sales or obtaining orders or contracts for services." In rendering an opinion regarding whether the plaintiffs were making sales, Dr. Steenburgh will simply be considering the same evidence that the jury will hear and drawing a conclusion on what is, arguably, the same point the jury will have to decide. Assuming he is applying the same criteria the jury will be called upon to apply, the Court is unpersuaded that expert testimony is needed on this subject or, more specifically, that such testimony would helpful to the jury. The concepts involved in this determination—making sales, obtaining order or contracts, and "regularly engaged"—are not beyond the ordinary understanding of lay jurors; at least, defendants have not shown that they are. The jury is, as Judge James Gwin put it in a similar situation, "perfectly capable of evaluating [the] evidence itself, and does not need an expert to suggest a particular conclusion to them." *Hurt v. Commerce Energy, Inc.*, No. 1:12-cv-00758, dkt. no. 739 at 8 (N.D. Ohio Sept. 8, 2014). Under governing authority, expert testimony is inadmissible if it is not helpful to the trier of fact because it does not aid the jury in resolving a factual dispute. *Hartman v. EBSCO Indus., Inc.*, 758 F.3d 810, 819 (7th Cir. 2014) (citing *Deimer v. Cincinnati Sub–Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995)).

If, on the other hand—as conceivably might end up being the case—Dr. Steenburgh's opinion involves the application of different criteria from those the jury will apply, his testimony is still inadmissible. In that event, admission of his testimony would pose an undue risk of jury confusion that significantly outweighs the probative value of his testimony. *See* Fed. R. Evid. 403.

For these reasons, the Court grants plaintiffs' motion to exclude Dr. Steenburgh's testimony.

Date: July 16, 2019

_____
MATTHEW F. KENNELLY
United States District Judge

3